MAY MAXIM SMITH v. JOHN H. BRIGHAM.[1]

November 13, 1908.

Nos. 15,692—(13).

**New Trial—Charge to Jury.**
> The trial court did not err in granting a new trial herein on the ground that it erred in instructing the jury as to the burden of proof.

Action in the district court for St. Louis county to recover $1,516.67, the difference between the amount paid by defendant to plaintiff and the amount due upon a sale of the undivided interest in land described in the opinion. The action mentioned in the opinion as having been compromised was an action by Daniels against Eliza A. Maxim to recover the parcel of land described. This action and two other similar actions against the same defendant were tried together before Dibell, J., and a jury which rendered a verdict in favor of plaintiff for $1,514.97. Defendant's motion for judgment notwithstanding the verdict was denied, and his motion for a new trial was granted. From so much of the order as granted a new trial, plaintiff appealed. Affirmed.

*S. F. White* and *M. H. McMahon,* for appellant.
*J. B. Richards,* for respondent.

START, C. J.

This is an appeal from an order of the district court of the county of St. Louis, granting defendant's motion for a new trial on the ground that the court erred in its instructions to the jury as to the burden of proof. If the court did so err, the order was correct; otherwise, not. Was the instruction in question erroneous? This is the sole question for our decision, and a reference to the pleadings is necessary to a clear understanding of the question.

The here material allegations of the complaint, briefly stated, were to the effect following: Prior to April 29, 1901, Eliza A. Maxim had a tax title on two-ninths of the land described in the complaint, and William H. Daniels was the owner of the original fee title. The de-

[1] Reported in 118 N. W. 150.

fendant herein was his attorney, and was to get one-ninth of the land for his fees. The action was compromised, whereby judgment was entered in favor of the plaintiff quieting his title, but Mrs. Maxim was to have one-eighteenth interest in the land; that is, one-half of the defendant's one-ninth interest. Daniels conveyed the one-ninth interest to defendant's sister, at his request and for him. Then the sister deeded one-eighteenth interest in the land to.Mrs. Maxim. The deed was never recorded, but was left with Mrs. Maxim's attorney, with the agreement of the parties that it should remain unrecorded, to the end that options for leases or sales of the one-ninth interest in the land might be made by the defendant, who agreed to account for one-half of the proceeds thereof.

 Mrs. Maxim died intestate in 1904, leaving her husband and two daughters, one of whom was the plaintiff, her sole heirs at law. On September 11, 1906, the defendant falsely represented to the attorney holding the unrecorded deed that he had sold the one-ninth interest in the land for $500, which was all that could be obtained for it, and paid to such attorney $250, who, believing the representations to be true, accepted the money and surrendered the unrecorded deed to the defendant. The defendant in fact had not sold the one-ninth interest in the land, but at his request his sister, to whom it had theretofore been conveyed, made a deed of it to Roy West for the defendant's benefit on the expressed consideration of $500. West, at defendant's request, thereafter deeded the one-ninth interest to a third party, for which the defendant received the net sum of $9,600.

The answer denied that the deed remained unrecorded by reason of any agreement or understanding with the defendant and put in issue all the allegations of the complaint as to the promise of the defendant to act for the Maxims, as to accounting for one-half of the proceeds of any sale made, also the allegations as to false representations and fraud on part of the defendant in procuring a surrender of the unrecorded deed, and alleged that the deed was returned to the defendant with intent that it should be canceled; and that the transaction was intended as a sale and release of all of Mrs. Maxim's interest in the land. The reply put in issue.the allegations of new matter in the answer. It is the contention of the plaintiff that the complaint alleged a cause of action for money had and received, and therefore

she was entitled to a directed verdict, and that it was error in the trial court to set the verdict aside and grant a new trial.

It is difficult to classify the complaint. However, it states a cause of action for money had and received, if it can be construed as alleging a fiduciary relation between the parties whereby the defendant undertook to dispose of the whole one-ninth interest in the land for the mutual benefit of both parties, and that the defendant by false representations induced the surrender of the unrecorded deed and the acceptance of $250 by the attorney of the Maxim interest as their full share in the proceeds of the one-ninth interest in the land, whereby the defendant, as a result of the cancellation of the unrecorded deed and a sale of the whole interest, received $9,600. It is doubtful whether the allegations of the complaint can reasonably be so construed, but for the purpose of this appeal we assume that they can be so construed.

It does not, however, follow from this assumption that the plaintiff was entitled to a directed verdict, or that the trial court did not err in giving the instruction for which a new trial was granted. The burden in any event was on the plaintiff to establish the fiduciary relation of the defendant, and that he undertook to dispose of the whole one-ninth interest for the mutual benefit of all parties, and that by fraud he secured the cancellation of the unrecorded deed, whereby he was enabled to receive for their interest the money here in controversy. The evidence on the trial of the case tending to show such fiduciary relation was slight, while the evidence tending to prove the allegations of fraud was radically conflicting, leaving the question a close one.

The trial court instructed the jury that the burden of establishing the alleged fraud was upon the plaintiff; but they were also instructed, in effect, that the burden of proving a sale of the Maxim interest to the defendant was upon him, as that was a defense. The allegations in the answer as to such sale and the evidence tending to prove it related to an evidentiary fact, not a substantive defense, tending to disprove the charge of fraud. Evidence tending to show such a sale would directly tend to rebut the evidence of the plaintiff tending to show fraud. If the plaintiff failed to establish the alleged fraud, the defendant's defense would be complete, even in the absence of any evidence tending to show such sale.

It is true that the trial court squarely placed the burden of prov-

ing fraud on the plaintiff; but the jury might well have understood, from the unqualified instruction as to the alleged sale, that unless the defendant had established it by a preponderance of evidence his defense must fail. It was substantial error to give the instructions, and not a mere inadvertence. The error was, as the trial judge characterized it, "substantial in its nature and presumably prejudicial." We hold that a new trial was rightfully granted on account of the error.

Order affirmed.